IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY S. WADE,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-03-0107 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY A. BEARD,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

**I.   Background**

Plaintiff, Jeffrey S. Wade, while an inmate at the State Correctional Institution in Coal Township (SCI-Coal), Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff contemporaneously filed an application to proceed *in forma pauperis*.  The complaint spans a time period from March 7, 2001 through October 27, 2001, and includes a host of claims such as denial of boots in the yard cage; denial of fresh soap; denial of a shower "for no apparent reason"; deprivation of medical and dental care; threats; excessive force; and retaliation.  Plaintiff requests declaratory, compensatory and punitive relief.

Subsequently, since the complaint fails to satisfy the requirements for permissive joinder pursuant to Federal Rule of Civil Procedure 20(a), Plaintiff was given an opportunity to file an amended complaint in compliance with the requirements of Rule 20, and Plaintiff was notified that failure to comply would result in the dismissal of all but his first claim.  The time for filing an amended complaint has long since expired, and Plaintiff has failed to file an amended pleading.  Accordingly, all claims but Plaintiff's first count will be dismissed

pursuant to the Court's prior Order.  Moreover, for the following reasons Plaintiff's remaining claim related to denial of boots in the yard cage will be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

## II. Discussion

### A. Screening Requirements

The Prison Litigation Reform Act (the "Act") established new procedures for prisoners' civil rights actions filed in federal court.   Under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ."  28 U.S.C. § 1915(e)(2)(B)(i).  Similarly, under Section 1915A of the Act, the Court is required to screen civil complaints by prisoners who seek redress from a governmental entity, or employees or officers of a governmental entity, and Section 1915A(b)  requires courts to "dismiss the complaint . . . if the complaint – (1) is frivolous . . . ." 28 U.S.C. § 1915A(b).  The frivolousness determination applies equally to cases that are **factually** frivolous and those that are **legally** frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  An action is **legally** frivolous if it is based upon an indisputably meritless legal theory.  *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ."  *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).   "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2

B.  **Section 1983 Standard**

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action, and Plaintiff fails to satisfy the second.

C.  **Deliberate Indifference**

The Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure prisoner health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety. *Id*. at 837.  In *Estelle v. Gamble*, 429 U.S. 97 (1976), the prisoner/plaintiff claimed that inadequate medical treatment violated his Eighth Amendment protection from cruel and unusual punishment.  The Supreme Court acknowledged that the government has an obligation to provide adequate care to its prisoners, but held that a constitutional violation does not occur unless the Plaintiff can show Defendants had a "deliberate indifference to serious . . . needs of prisoners" which constitutes "unnecessary and wanton infliction of pain."  *Id.* at 104 (citation omitted).

Plaintiff alleges that on March 7, 2001, while incarcerated at SCI-Camp Hill, he signed up to use the exercise yard.  When he arrived in the vestibule, prior to entering the yard, he requested "a pair of boots because of the snow and ice that was inside the yard cages . . . ."  (Doc. 1 at 5.)  Although he was denied boots and he was denied permission to

3

return to his cell, Plaintiff fails to plead that any of the Defendants were deliberately indifferent to serious needs which constituted the unnecessary and wanton infliction of pain. To the contrary, Plaintiff alleges no pain, he does not plead that he was required to leave the vestibule and enter the snow and ice, and Plaintiff's complaint does not allege any hardship that would violate the norms of a civilized society.  Although there is no heightened pleading requirement, Plaintiff's complaint is devoid of any facts that would constitute unnecessary and wanton infliction of pain.  His allegation of one instance of denial of boots for the yard does not rise to the level of Constitutional deprivation sought to be prevented by § 1983.  Accordingly, Plaintiff's remaining count is legally frivolous, and it will be dismissed under the provisions of 28 U.S.C. § 1915.  An appropriate Order follows.


Dated: November 9, 2005                              /s/ A. Richard Caputo
                                                                             A. RICHARD CAPUTO
                                                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY S. WADE,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-03-0107** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **JEFFREY A. BEARD,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

**NOW, THEREFORE, THIS 9th DAY OF NOVEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED** as legally frivolous under the provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

2. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and the Clerk of Court shall mark this case closed.

3. Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                  /s/ A. Richard Caputo
                                                  A. RICHARD CAPUTO
                                                  United States District Judge